UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIGAIL DUBOIS,<br><br>          Plaintiff,<br><br>v.<br><br>STAPLES, INC. and STAPLES<br>CONTRACT & COMMERICAL LLC,<br><br>          Defendants. | Civil Action No. |

## NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Staples, Inc. and Staples Contract & Commercial LLC (together, "Defendants") hereby remove this action from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts ("Notice of Removal").

As discussed in more detail herein, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this matter may be removed pursuant to 28 U.S.C. § 1441, as it is a civil action in which neither the plaintiff nor defendants are citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a)(1) and 1441(a) and (b).  Defendants respectfully submit to this Honorable Court the following information in further support of this Notice of Removal:

## BACKGROUND

1.  On August 1, 2023, Plaintiff Abigail Dubois ("Plaintiff") filed a Complaint and Jury Demand (the "Complaint") in the Suffolk County Superior Court of the Commonwealth of

Massachusetts, titled *Abigail Dubois v. Staples, Inc. and Staples Contract & Commercial LLC*, designated as Docket No. 2384CV01746 (the "State Court Action").

2.      Plaintiff's Complaint alleges violations of the Massachusetts Wage Act, retaliation, and breach of the implied covenant of good faith and fair dealing.

3.      The process, pleadings, and orders served on Defendants are attached hereto as Exhibit A.

### SATISFACTION OF PROCEDURAL REQUIREMENTS FOR REMOVAL

4.      An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on Defendants, within 30 days of Defendants receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

5.      Here, Plaintiff served the Summons and Complaint on Defendants on August 4, 2023.

6.      Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as this filing is made within 30 days from the date on which Defendants received notice of the State Court Action.

### PROPER JURISDICTION AND VENUE REQUIRED FOR REMOVAL

7.      Venue is proper in the United States District Court for the District of Massachusetts insofar as Defendants' principal place of business is in Framingham, Massachusetts, which is located in Middlesex County.  Compl. ¶ 2.  Plaintiff originally filed this action in Suffolk County Superior Court, which is within this Court's jurisdiction.  *See* 28 U.S.C. §§ 1391(a) and 1441(a).

2

<u>**PROVISION OF NOTICES REQUIRED FOR REMOVAL**</u>

8.      As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff, through service of this document and the exhibits thereto on Plaintiff's counsel.

9.      Defendants will also file this Notice of Removal with the Clerk of the Suffolk County Superior Court.  *See* Defendants' Notice to State Court of Removal of Civil Action to Federal Court, attached hereto as <u>Exhibit B</u>.

<u>**ADDITIONAL FACTS AND LAW SUPPORTING REMOVAL
ON THE BASIS OF DIVERSITY JURISDICTION**</u>

10.      This action is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 as a result of Defendants' alleged conduct.

**Complete Diversity of Citizenship Exists**

11.      Plaintiff is a resident of Providence, Rhode Island.  Plaintiff is a citizen of Rhode Island.  *See* Exhibit A, Complaint, ¶ 1.

12.      For purposes of diversity jurisdiction, a corporation is a citizen of every state and foreign state in which it is incorporated and the one state or foreign state in which it maintains its principal place of business. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Staples, Inc. is a Delaware corporation with a principal place of business in Massachusetts.  Therefore Staples, Inc. is a citizen of Delaware and Massachusetts.  *See* Exhibit A, Complaint, ¶ 2.

13.     A limited liability company's citizenship is determined by the citizenship of its members. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc*., 435 F.3d 51, 54-55 (1st Cir. 2006).

14.     The sole member of Staples Contract & Commercial LLC is Staples, Inc.

15.     Therefore, Staples Contract & Commercial LLC is a citizen of Delaware and Massachusetts.

16.     Because Plaintiff is a citizen of Rhode Island and Defendants are citizens of Delaware and Massachusetts, there is complete diversity of citizenship between Plaintiff and Defendants.

### The Amount in Controversy Exceeds the Jurisdictional Requirement

17.     Although the text of Plaintiff's Complaint does not specify the precise amount of damages sought, there is a reasonable probability that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

18.     Where the removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  Without admitting liability or that Plaintiff is entitled to any damages, Defendants state that, given the nature of the potential damages available to Plaintiff under the Complaint, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.

19.     Plaintiff's Complaint alleges loss of income, loss of personal and professional reputation, emotional distress, mental suffering, compensatory damages, punitive damages, and liquidated damages.  Exh. A, Complaint ¶¶ 47, 50, 53, 56, 59, 63.

20.     Plaintiff alleges that she was formerly paid a base salary of $58,000 plus commissions.  Exh. A, Complaint ¶ 11.

21.     Plaintiff seeks "double and/or trebled damages."  Complaint, at p.8.  "When a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013).

22.     Plaintiff also seeks attorneys' fees.  Complaint, at p.8.  Attorneys' fees are included in determining the amount in controversy.  *See Romulus v. CVS Pharmacy, Inc*., 770 F.3d 67, 81 n. 15 (1st Cir. 2014).

23.     In her Civil Action Cover Sheet, Plaintiff alleges damages of $220,000.  *See* Exhibit A.

24.     Without admitting liability or that Plaintiff is entitled to any damages, Defendants state that there is a reasonable probability the amount in controversy in this action more likely than not exceeds $75,000, exclusive of interest and costs.

25.     Accordingly, this Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a).

## **CONCLUSION**

26.     **WHEREFORE**, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendants remove the State Court Action from Suffolk County Superior Court to the United States District Court for

the District of Massachusetts, and requests that this Court assume full jurisdiction over this matter as provided by law.

27.     By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available to it under state or federal law, including any defenses under Rule 12 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**STAPLES, INC. and STAPLES CONTRACT & COMMERCIAL LLC,**

By their attorneys,

/s/ *Stephen T. Melnick*
Stephen T. Melnick (BBO No. 667323)
Alexa Esposito Allen (BBO No. 698373)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
(617) 378-6000 (t)
(617) 737-0052 (f)
smelnick@littler.com
aesposito@littler.com

Dated:  August 23, 2023

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 23rd day of August 2023, a true copy of the foregoing Notice of Removal was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent to all non-registered participants identified on the Notice of Electronic Filing via email:

> Samuel Kennedy-Smith, Esq.
> Jamie Goodwin, Esq.
> DUDDY GOODWIN & POLLARD
> 446 Main Street, 16th Floor
> Worcester, MA  01608
> sks@dgpfirm.com
> jg@dgpfirm.com

/s/ *Stephen T. Melnick*
Stephen T. Melnick